1  MORGAN, LEWIS & BOCKIUS LLP
   ANNE M. BRAFFORD (SBN 237574)
2  MICHELLE GRIFFITH-JONES (SBN 259914)
   5 Park Plaza, Suite 1750
3  Irvine, CA 92614
   Tel: 949.399.7000
4  Fax: 949.399.7001
   e-mail: abrafford@morganlewis.com
5          mgriffithjones@morganlewis.com

6  Attorneys for Defendant
   MICRODYNE OUTSOURCING INC.

7

8              UNITED STATES DISTRICT COURT

9             CENTRAL DISTRICT OF CALIFORNIA

10

| | |
|---|---|
| PAUL J. KARCH,<br><br>   Plaintiff,<br><br>vs.<br><br>MICRODYNE OUTSOURCING<br>INCORPORATED,<br><br>   Defendant. | Case No. CV09-05076-SVW (RCx)<br><br>~~[PROPOSED]~~ PROTECTIVE ORDER<br><br>Complaint Filed: July 14, 2009<br>Trial Date:   March 30, 2010 |

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

DB2/21466024.1              [PROPOSED] PROTECTIVE ORDER

1     The following procedures shall govern the production, use, and disclosure of

2  confidential documents and other information in the above-captioned action:

3     1.    Any party may designate as "Confidential" those documents produced

4  during this action and information provided in interrogatory responses or in

5  testimony by a party or a witness who is or was employed by Defendant which the

6  party considers to contain or constitute information that (a) is not in the public

7  domain and (2) consists of either: (a) financial data; or (b) business strategy and

8  planning information not publicly distributed; or (c) technical data; or (d)

9  compensation, investigatory, disciplinary or other private personnel information

10  concerning present and former employees of Defendant; or (e) information

11  pertaining to the finances or economic condition of any party.

12               GOOD CAUSE STATEMENT

13     2.    The parties will suffer specific harm and prejudice regarding the

14  categories of documents that may be designated as "Confidential" pursuant to

15  paragraph 1 as follows: (a) Defendant will be harmed if its financial data is not

16  covered by a protective order because such information constitutes proprietary and

17  confidential information of Defendant that, if made public, will cause harm to

18  Defendant's business and financial interests; (b) Plaintiff and Defendant will be

19  harmed if their respective business strategy and planning information is not covered

20  by a protective order because such information constitutes proprietary and

21  confidential information of the respective party that, if made public, will cause harm

22  to his or its business and financial interests; (c) Defendant will be harmed if its

23  technical data is not covered by a protective order because such information

24  constitutes proprietary and confidential information of Defendant that, if made

25  public, will cause harm to Defendant's business and financial interests; (d) Plaintiff

26  and/or third parties will be harmed if Defendant releases the compensation,

27  investigatory, disciplinary or other private personnel information concerning present

28  and former employees of Defendant because such disclosure violates the employees'

1   privacy interests and may cause them embarrassment and humiliation; (e) the parties

2   will be harmed if information pertaining to the finances or economic condition of

3   either party is not covered by a protective order because such information constitutes

4   proprietary and/or confidential information that, if made public, will cause harm to

5   the parties' respective business and financial interests, and the information may

6   cause either party embarrassment.

7          3.      Materials consisting of documents or interrogatory responses may be

8   designated as "Confidential" by a party by so marking the materials as of the time

9   the responses and/or copies of requested materials are provided to any other party

10  requesting them.  Documents or interrogatory responses so designated shall be

11  treated in the manner prescribed in paragraph 6.

12         4.      If, during the course of a deposition, information is elicited that a party

13  believes to be Confidential, counsel shall designate the information as

14  "Confidential" on the record.  In the alternative, a party may make this designation

15  within 30 days after the party's counsel receives the deposition transcript.

16  Information contained in a transcript or exhibits so designated shall be treated in the

17  manner prescribed in paragraph 6.

18         5.      If any party produces any confidential information without timely

19  labeling or marking or otherwise designating it as such in accordance with the

20  provisions of this Protective Order, the producing party may give written notice to

21  the receiving party that the document or thing produced is deemed confidential and

22  should be treated as such in accordance with the provisions of this Protective Order.

23  The receiving party must treat such documents and things in the manner prescribed

24  in paragraph 6 from the date such notice is received.  Disclosure, prior to the receipt

25  of such notice of the confidential status of such information, to persons not

26  authorized to receive such information shall not be deemed a violation of this

27  Protective Order.

28         6.      All materials designated as "Confidential" shall be used only for the

1   purposes of this litigation and may be given, shown, made available to, or
2   communicated in any way only to parties (including the parties' employees, agents,
3   and representatives), counsel of record for the parties, counsel's employees, the
4   Court (including persons employed by the Court and court reporters), non-party
5   deponents pursuant to paragraph 7, third party consultants and independent experts
6   to whom it is necessary that the materials be shown for purposes of this litigation,
7   and third parties jointly selected by the Plaintiff and Defendant for the purpose of
8   conducting any form of alternate dispute resolution in this litigation.  Nothing herein
9   shall impose any restriction on the use or disclosure by a party of its own documents
10   or information (as opposed to "Confidential" documents or information produced by
11   another party).

12       7.    During a deposition a non-party deponent may be shown, and
13   examined about, materials designated as "Confidential" if the provisions of
14   paragraph 8 are complied with.  Non-party deponents shall not retain or copy such
15   materials or portions of the transcripts of their depositions that contain confidential
16   material unless they comply with the provisions of paragraph 8.

17       8.    Each person permitted by the parties or their counsel to have access to
18   documents marked "Confidential" (other than the parties or their counsel or
19   counsel's employees) shall, prior to being afforded such access, be shown this
20   Stipulation and Order and shall sign an agreement, in the form attached hereto as
21   Attachment "A," stating that he or she has read and understands its terms and shall
22   abide by them.  A file shall be maintained by the attorneys of record of all written
23   agreements signed by persons to whom such documents have been given, which file
24   shall, upon request, be available for inspection and copying by counsel subject to
25   objection on the basis of attorney-client privilege and attorney work product.

26       9.    In the event that any party intends to file one or more documents
27   marked as "Confidential" with the Court or to file any deposition testimony that has
28   been identified as confidential with the Court or disclose confidential information in

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

DB2/21466024.1                   4               [PROPOSED] PROTECTIVE ORDER

a brief filed with the Court, the party desiring to file such information shall give advanced notice to the other party. Thereafter, the parties will promptly meet and confer in an attempt to have the information filed with the Court without the need for it to be under seal, such as agreeing to remove the confidentiality restrictions for the purposes of filing the information with the Court or redacting confidential information prior to its filing with the Court. Any dispute relating to this Protective Order must be resolved pursuant to Local Rule 37 of the Central District of California.

10.     Subject to public policy, and further court order, nothing shall be filed under seal, and the court shall not be required to take any action, without separate prior order by the Judge before whom the hearing or proceeding will take place, after application by the moving party with appropriate notice to opposing counsel.

11.     The Parties shall comply with Local Rule 79-5 of the Central District of California in the event that they lodge or file any documents covered by this order with the Court.

12.     This Protective Order shall not be construed as waiving any right to assert a bona fide claim of privilege or any other objection as to the discoverability and/or admissibility of any information.

13.     This Protective Order shall be without prejudice to any party's right to bring a motion at any time to determine the propriety of a claim that certain documents or information constitute "Confidential" information. Any dispute relating to this Protective Order must be resolved pursuant to Local Rule 37 of the Central District of California.

14.     If this case proceeds to trial, any party seeking to designate and maintain documents as "Confidential" during use at trial must show good cause to the district judge in advance of the trial. Documents previously designated as "Confidential" and not used at trial shall remain subject to the terms of this Protective Order until further order of this Court or a court of competent jurisdiction,

and shall not cease to be in effect because this litigation is finally adjudicated.  Upon termination of this action, all documents and data designated "Confidential" pursuant to this Order, including all copies of such documents and all summaries of data contained in such documents, and compilations of any nature whatsoever derived from such documents, shall be returned to counsel for the party which produced them upon written request of the producing party.

15.   If this case does not proceed to trial, the terms of this Protective Order shall remain in full force and effect until further order of this Court or a court of competent jurisdiction, and shall not cease to be in effect because this litigation is finally adjudicated.  Upon termination of this action, all documents and data designated "Confidential" pursuant to this Order, including all copies of such documents and all summaries of data contained in such documents, and compilations of any nature whatsoever derived from such documents, shall be returned to counsel for the party which produced them upon written request of the producing party.

IT IS SO ORDERED.

Dated: _12-14-2009_

~~Stephen V. Wilson~~
United States ~~District~~ Judge

ROSALYN M. CHAPMAN
UNITED STATES MAGISTRATE JUDGE

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

DB2/21466024.1

6

[PROPOSED] PROTECTIVE ORDER

ATTACHMENT "A"

CONFIDENTIALITY AGREEMENT

I, _____, hereby acknowledge that:

    1.  I have read the Protective Order entered in the action presently pending in the United States District Court, Central District of California entitled <u>Karch v. Microdyne Outsourcing, Inc.</u>, Case No. CV09-05076-SVW (RCx);

    2.  I understand the terms of the Protective Order;

    3.  I agree, upon threat of penalty of contempt and other civil remedies, to be bound by its terms, and;

    4.  I irrevocably submit my person to the jurisdiction of the United States District Court, Central District of California, for the limited purpose of securing compliance with the terms and conditions of the Protective Order.

Dated: _____

_____
Signature

_____
Name

_____
Title

_____
Address

_____
City, State, Zip Code

_____
Telephone Number

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

DB2/21466024.1

7

[PROPOSED] PROTECTIVE ORDER